<hr />

## SIMEON W. GUNN'S APPEAL FROM COMMISSIONERS.

Hartford Dist., Oct. T., 1886.  PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

*G* gave *H* a bond by which, on the payment by *H* of $17,000 with interest within a certain time, he was to convey to *H* certain described land, free from incumbrance; the bond containing the following clause— " It being understood that *H* is to pay to *C* a note he holds against me of $3,000 with interest, and that the amount paid thereon shall be in part payment on the above." Held that under this bond it was optional with *H* whether or not to pay the $17,000 and take the land, and that if he did not do so he was not bound to pay the $3,000 note to *C*.

[Argued October 7th—decided November 23d, 1886.]

APPEAL from the doings of commissioners on the insolvent estate of George C. Hitchcock, deceased, in disallowing a claim presented against the estate by the appellant; taken to the Superior Court in Litchfield County and heard before *Sanford, J.* Facts found and claim disallowed. Appeal to this court by the original appellant. The case is fully stated in the opinion.

*G. A. Hickox*, for the appellant.

*J. Huntington* and *A. D. Warner*, for the appellees.

PARK, C. J. The appellant held mortgages on three tracts of land given him by one Hitchcock to secure certain indebtedness the latter was owing him. In the month of September, 1878, it was agreed between the parties that Hitchcock should give the appellant a release deed of one of the tracts for the consideration of seventeen thousand dollars, and that the appellant should give Hitchcock a release deed of the other two tracts, a receipt in full of all claims against him, and an instrument in writing in the form of a deed, binding himself, his heirs, executors and administrators, to re-convey the tract so conveyed to him on the payment of the sum of seventeen thousand dollars with the interest thereon, on or before the first day of October, 1888. The several instruments were executed by the parties at the same time, according to the agreement; and that part of the instrument on which this case hinges, given by the appellant to Hitchcock, binding himself to re-convey the property as aforesaid, was as follows :—

"Now therefore I, the said Simeon W. Gunn, do by this writing bind myself, my heirs, executors and administrators, that if the said George C. Hitchcock, his heirs, executors or administrators, shall cause to be paid to me, my heirs, executors or administrators, the above mentioned sum of seventeen thousand dollars, together with the interest at six per cent., on or before the first day of October, 1888, then I bind myself, my heirs, executors and administrators,

to give to the said Hitchcock, his executors and administrators, or to any other person he may desire, a clear warrantee deed of the above described premises free from all incumbrances whatsoever. It being understood that the said Hitchcock is to pay to Miles Camp a note he holds against me, the said Gunn, of the amount of three thousand dollars with interest; and that the amount paid thereon shall be in part payment on the above."

The deed of release given by Hitchcock to the appellant, and the instrument of reconveyance given at the same time by the appellant to Hitchcock, together constituted a mortgage of the property for the sum of seventeen thousand dollars. But unlike other mortgages, it is said that the last clause in the instrument with regard to a reconveyance, bound Hitchcock by his acceptance of it to pay the appellant's note to Camp at all events, whether he redeemed the property or not.

We do not so understand the instrument. There is nothing in it that obliged Hitchcock to pay all or any part of the seventeen thousand dollars mentioned therein. The entire matter is left optional with him. "If the said George C. Hitchcock, his heirs, executors or administrators, shall cause to be paid to me," etc., is its language. There is just as much obligation to pay the entire amount of seventeen thousand dollars as there is to pay any part of it. Payment of the whole or any part of it is optional as in the case of any other mortgage. We construe the passage in controversy to mean that, if Hitchcock should redeem the property, it was understood that he was to pay to Miles Camp a note he held against Gunn, and that the amount paid thereon should be in part payment of the seventeen thousand dollars and the interest thereon.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.